# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| SKYLER J. HEATH, | ) |
| Plaintiff, | ) |
| vs. | ) Cause No. 1:16-cv-2381-WTL-TAB |
| NICKOLAS JONES, | ) |
| Defendant. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on the Defendant's Motion to Dismiss on Grounds of *Forum Non Conveniens* (Dkt. No. 12). The motion is fully briefed, and the Court, being duly advised, **DENIES** the motion. In light of the ruling, the Court also **DENIES** the related motion to strike (Dkt. No. 28).

This case arises out of an automobile accident that occurred in Germany. The Plaintiff, who was very seriously injured, was a passenger, and the Defendant was driving; both men were serving in the United States Army and stationed in Germany at the time. The Plaintiff is now a resident of Pennsylvania and the Defendant is a resident of Indiana.[1] Venue properly lies in this Court, because it is the judicial district in which the Defendant resides.[2] The Defendant

---

[1] While it is citizenship that is relevant to determining whether diversity jurisdiction exists, it is residency that is relevant to venue. 28 U.S.C. § 1391(b).

[2] The Defendant states that "[i]t appears that Plaintiff, who is a resident of Pennsylvania, elected to sue Defendant Jones in Indiana (instead of Plaintiff's home state) to obtain the benefit of Indiana's tort law." Dkt. No. 12-3 at 3. This statement is curious, inasmuch as if the Plaintiff wished to proceed in federal court, this clearly was the appropriate district in which to bring this case; bringing the case in district court in Pennsylvania was not an option under the federal venue statute. Further, the Defendant does not indicate why he believes he would be subject to the jurisdiction of a Pennsylvania state court, nor does he explain what makes Indiana's tort law more favorable to the Plaintiff than that of Pennsylvania.

nonetheless argues that the case should be dismissed because Germany is a more convenient forum than his own home state.

The Seventh Circuit recently described the doctrine of forum non conveniens as follows:

As the Latin name suggests, the doctrine of forum non conveniens addresses the matter of convenience to the parties. As the Supreme Court explained,

> A federal court has discretion to dismiss a case on the ground of forum non conveniens when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems.

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (citing a long line of Supreme Court precedent) (internal citations omitted). Today, the doctrine applies in the federal courts only when the other jurisdiction is a foreign one. Stated more simply, a district court may dismiss a case on forum non conveniens grounds when it determines that there are strong reasons for believing it should be litigated in the courts of another, normally a foreign, jurisdiction. . . .

The doctrine of forum non conveniens, however, is an exceptional one that a court must use sparingly. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 504, 509 (the doctrine should be applied only in "exceptional circumstances," and "rather rare cases.") "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil*, 330 U.S. at 504.

The exceptional nature of a dismissal for forum non conveniens means that a defendant invoking it ordinarily bears a heavy burden in opposing the plaintiff's chosen forum.

*Deb v. SIRVA, Inc.*, 832 F.3d 800, 805-06 (7th Cir. 2016) (some citations and footnote omitted). The Defendant has fallen well short of carrying his heavy burden in this case. Indeed, while the Defendant mentions the factors relevant to the forum non conveniens analysis, he provides virtually no meaningful analysis of how those factors apply to the facts of this case. In fact, the Defendant appears to misunderstand what is relevant to the Court's inquiry, arguing in his reply brief that "the identity, number, and substantive testimony of witness [sic], and specific evidence

2

of damages, is immaterial to the motion. Indeed, except for differentiating between German and Indiana law, few if any facts outside the allegations of the complaint are material to the motion." Dkt. No. 25. It is unclear to the Court how it is to consider the relevant factors such as "the relative ease of access to sources of proof" and "availability of compulsory process and costs for attendance of witnesses," *Deb*, 832 F.3d at 807, if the Court is not provided information about who the relevant witnesses are and what the relevant evidence is.

The Defendant's main argument is that "[t]he situation in *Wasserman v. Kobit*, 2014 WL 259033 (N.D. Ill. Jan. 22, 2014), and that in the case at bar are virtually indistinguishable in every material respect," so the result—dismissing the case on forum non conveniens grounds—should be the same here. *Wasserman* is not binding on this Court, however, and even if it were, it is readily distinguishable. In that case, the only "clear connection" between the case and the plaintiff's chosen forum, Illinois, was the fact that one of the defendants was a citizen of Illinois. She did not reside in Illinois, however; she was deployed abroad. The other defendant resided in Maryland. The court found it highly significant that Illinois had only an "attenuated connection" to the case. In this case, on the other hand, the Defendant resides in the forum. The Plaintiff has literally chosen to sue in the location *most convenient* to the Defendant, at least in terms of geography. And unlike in *Wasserman*, in which the court found that "there would be some unfairness in burdening the citizens of the Northern District of Illinois with jury duty on this case," the citizens of this district do have an interest in seeing that their fellow Indiana citizen receives a fair trial. Further, the court in *Wasserman* considered the fact that the lawsuit was not filed in the Plaintiff's home state of Kansas, but rather in Illinois; however, it appears that the proper analysis is whether *the United States* is the Plaintiff's home forum, *Deb*, 832 F.3d at 806, which it is. In any event, "although the citizenship of the plaintiff defending against a forum non

conveniens claim is relevant to the issue of convenience, it is not dispositive of the issue," *id.*, and, like in *Deb*, "it is undoubtedly true that although [the Plaintiff] is not a citizen or resident of [Indiana], litigation in Indiana would be far more convenient from a geographical perspective than one in [Germany]. And in any case, even if we apply the presumption in favor of [the Plaintiff] with less force, it is still the defendant['s] burden to oppose the chosen forum." *Id.*

There is no question that, for the reasons amply set forth in the Plaintiff's response brief, Indiana is a far more convenient forum for the Plaintiff than Germany. Indeed, litigating this case in Germany would be exceptionally burdensome for the Plaintiff. The Defendant has provided no basis on which the Court could find that he has satisfied his burden of demonstrating that Germany is a more convenient forum for this case when the relevant factors are examined. Accordingly, the Defendant's motion to dismiss is **DENIED**.

SO ORDERED: 5/15/17

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification